PEOPLE v. DAUCHY.

(Supreme Court, Appellate Division, Fourth Department. December 6, 1911.)

1. BIGAMY (§ 1*)—DEATH OF FIRST WIFE—KNOWLEDGE OF DEATH.

Under Penal Law (Consol. Laws 1909, c. 40) § 341, subd. 1, providing that one shall not be guilty of bigamy whose former wife has been absent for five years successively, then last past, when the second marriage is consummated, without being known to the husband within that time to be living and believed by him to be dead, a man was not guilty of bigamy if his first wife was absent for five years immediately preceding his second marriage, without his knowledge that she was alive within that time, and he believed at the time of the second marriage that she was dead, even though he may have believed that she was living at some time within the five-year period.

[Ed. Note.—For other cases, see Bigamy, Cent. Dig. §§ 1–15; Dec. Dig. § 1.*]

2. BIGAMY (§ 13*)—PROSECUTION—SUFFICIENCY OF EVIDENCE.

Evidence *held* to make it a question for the jury as to whether accused knew within the five years preceding his second marriage that his first wife was alive, and believed her to be dead at the time of his second marriage.

[Ed. Note.—For other cases, see Bigamy, Dec. Dig. § 13.*]

McLennan, P. J., dissenting.

Appeal from Monroe County Court.

George H. Dauchy was convicted of bigamy. and appeals from a judgment of conviction and an order denying a motion for a new trial. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hugh J. Maguire, for appellant.
John W. Barrett, Dist. Atty., for the People.

KRUSE, J. The defendant was convicted of the crime of bigamy. He was properly convicted, unless his case falls within the first exception contained in section 341 of the Penal Law, since it appears that at the time of the second marriage he had a wife living, and that constitutes the crime of bigamy according to the general definition contained in section 340 of the Penal Law. But that section does not extend:

"1. To a person whose former husband or wife has been absent for five years successively then last past, without being known to him or her within that time to be living, and believed by him or her to be dead." Penal Law, § 341, subd. 1.

The defendant was first married November 18, 1884. He was married the second time August 5, 1902, upon which marriage the conviction is founded. The undisputed evidence shows that at the time of the second marriage the wife of his first marriage had been absent for five years successively. For the purpose of showing that the defendant believed her to be dead at the time of the second marriage, he testified that certain persons informed him that they had heard re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ports to that effect. But it further appeared that he had been told by at least one of the persons that she died in June or July, 1899, about three years before the second marriage, and according to that information his wife was alive up till about June or July, 1899. And so it is argued that he must have known at the time of his second marriage that she was alive within the five-year period. That may do as a matter of argument; but the difficulty is that the trial judge held as a matter of law, and so charged the jury, that the defendant could not take advantage of the exception with reference to absence because he knew that his wife was living within that time.

[1] I think it cannot be held as a matter of law that the defendant knew that his wife was alive within the five-year period. The persons who gave the information to the defendant of the death of his wife and the time when she died simply reported what they had heard. These reports did not conclusively prove that the defendant knew that his wife was alive before the time of her reported death, any more than they established the fact that he knew that she died in June or July, 1899, although sufficient to show that he may have believed that she was alive within the five-year period. But that does not put his case beyond the five-year exception. For if his wife was absent for five years immediately preceding his second marriage, without his knowing that she was alive within that period of time, and he believed at the time of the second marriage that she was dead, he is within the exception. Hearing that she was dead accentuated the presumption of her death arising from her five years' absence, and fortifies his claim that he believed her to be dead at the time of his second marriage.

[2] While I think the information which he had, in connection with the other circumstances, was sufficient to make that a question of fact for the jury, as well as whether he believed at the time of his second marriage that the wife of his first marriage was dead, I think it should not be held as a matter of law that he had such knowledge as to place him outside the five-year absence exception.

I think the judgment and order must be reversed, and a new trial ordered. All concur, except McLENNAN, P. J., who dissents.